1  LONGYEAR, O'DEA & LAVRA, LLP
   3620 American River Drive, Suite 230
2  Sacramento, CA 95864
   Phone: 916-974-8500
3  Facsimile: 916-974-8510

4

5  Gregory P. O'Dea, CSB No. 110966
   Mark P. O'Dea, CSB No. 186061
6  Natasha N. Langenfeld, CSB No. 250944

7  Attorneys for Defendant, Theresa Van Wagner

8
                        **UNITED STATES DISTRICT COURT**
9
                        **EASTERN DISTRICT OF CALIFORNIA**
10

11 DUANE BEECHAM, KIMBERLY           )   **CASE NO.   2:15-cv-01022-KJM-EFB**
   BEECHAM, S.Y.B., a minor by and through )
12 her co-guardians ad litem DUANE    )   **[PROPOSED] ORDER RE STIPULATION FOR**
   BEECHAM and KIMBERLY BEECHAM;      )   **THE IDENTIFICATION AND PRESERVATION**
13 OLIVER VERGARA, JENNIFER           )   **OF THE CONFIDENTIALITY OF DOCUMENTS**
   VERGARA, E.V., a minor by and through his )
14 co-guardians ad litem OLIVER VERGARA )
   and JENNIFER VERGARA,              )
15                                    )
                Plaintiffs,           )
16                                    )
   vs.                                )
17                                    )
   ROSEVILLE CITY SCHOOL DISTRICT,    )
18 THERESA VAN WAGNER,  GEORGE        )
   ROOKS, JERROLD JORGENSEN and Does  )
19 1-30,                              )
                                      )
20              Defendants.           )
                                      )
21

22      The parties to the above-captioned action, through their counsel of record, entered into a

23 Stipulation for the Identification and Preservation of the Confidentiality of Documents, which was

24 previously filed on November 13, 2015 (Docket No. 26), (a true and correct copy of which is

25 attached hereto as Exhibit A). The parties now wish to have the Court issue an order with respect

26 to the Stipulation. With that in mind, the parties request that Court issue its order requiring the

27 parties to comply with the terms of the Stipulation.

28 //

---

1    IT IS SO ORDERED

2  DATED:  June 1, 2016.
                                        _____
3                                       EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

1  PETER W. ALFERT, SBN 83139
   HINTON, ALFERT & KAHN LLP
2  200 Pringle Ave., Suite 450
   Walnut Creek, California 94596
3  Telephone: (925) 279-3009
   Facsimile: (925) 279-3342

4  TODD BOLEY, SBN 68119
   JUSTIN YOUNG, SBN 267315
5  2381 Mariner Square Drive, Suite 280
   Alameda, CA 94501
6  Telephone: (510) 836-4500
   Facsimile: (510) 649-5170

7
   Attorneys for PLAINTIFFS
8

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12 DUANE BEECHAM, KIMBERLY            ) CASE NO.  2:15-cv-01022-KJM-EFB
   BEECHAM, S.Y.B., a minor by and through )
13 her co-guardians ad litem DUANE    ) STIPULATION FOR THE IDENTIFICATION
   BEECHAM and KIMBERLY BEECHAM;      ) AND PRESERVATION OF THE
14 OLIVER VERGARA, JENNIFER           ) CONFIDENTIALITY OF DOCUMENTS
   VERGARA, E.V., a minor by and through his )
15 co-guardians ad litem OLIVER VERGARA )
   and JENNIFER VERGARA,              )
16                                    )
                Plaintiffs,           )
17                                    )
   vs.                                )
18                                    )
   ROSEVILLE CITY SCHOOL DISTRICT,    )
19 THERESA VAN WAGNER,  GEORGE        )
   ROOKS, JERROLD JORGENSEN and Does  )
20 1-30,                              )
                                      )
21              Defendants.           )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27 _____)

28

This Stipulation is entered into by and between plaintiffs, DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her co-guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM; OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his co-guardians ad litem OLIVER VERGARA and JENNIFER VERGARA, by and through their counsel Peter W. Alfert, of Hinton, Alfert & Kahn, LLP, and Todd Boley and Justin Young of Boley Law; defendants, and ROSEVILLE CITY SCHOOL DISTRICT, GEORGE ROOKS, and JERROLD JORGENSEN, by and through their counsel, Carol Wieckowski of Evans, Wieckowski, Ward & Scoffield; and defendant THERESA VAN WAGNER, by and through her counsel, Gregory P. O'Dea of Longyear, O'Dea & Lavra, LLP.

WHEREAS the parties possess certain educational and psychological records and other confidential information that they desire to keep confidential, which may be obtained through discovery in this case;

WHEREAS the parties hereto desire to stipulate to a procedure to identify and protect the confidentiality of such educational and psychological records and other confidential information from unnecessary disclosure;

ACCORDINGLY, the parties, by and through their respective attorneys of record, stipulate and agree as follows:

1. Categories of documents subject to this agreement:
    a. Educational records, psychological records, and/or counseling records of each minor plaintiff;
    b. Documents which reference the termination action pending between the Roseville City School District and Theresa Van Wagner;
    c. Un-redacted Police report not available to the public, and other documents referenced in the Police report which are not available to the public;
    d. Personnel records of any employee; and
    e. Other documents and/or confidential information designated by the parties hereto pursuant to the foregoing.

2. A party producing the documents described hereinabove may designate those documents as confidential by affixing a mark labeling them "Confidential," providing that such marking does not obscure or obliterate the content of any record. If any confidential documents cannot be labeled with this marking, those documents shall be placed in a sealed envelope or other container that is, in turn, marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3. A party may designate as "Confidential" only a document which it has determined in good faith to be confidential or potentially invasive of an individual's privacy interests. By designating a document or portion thereof as "Confidential" the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

4. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, however, the party seeking to reclassify confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the document in question shall continue to be treated according to its designation under the terms of this Stipulation. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. This provision shall apply to any documents designated as confidential in Paragraph 1 of this Stipulation.

5. The disclosed documents labeled as described above shall be used solely in connection with the civil litigation herein, *Beecham, et al. v. Roseville City School District, et al.*, Eastern District of California Case No. 2:15-cv-01022-KJM-EFB. The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this action, including trial.

6. Documents designated under this Stipulation as "Confidential" may be disclosed only to the following persons:

(a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

(b) All counsel of record, and attorneys in the offices of counsel for the Plaintiffs in this, action;

(c) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this action;

(e) Any expert, consultant or investigator retained in connection with this action;

(f) The parties to this action, except when to do so would violate a provision of law;

(g) The finder of fact at the time of trial, subject to the Court's ruling on *in limine* motions and objections of counsel; and

(h) Witnesses during their depositions in this action.

7. Prior to the disclosure of any Confidential documents to any person identified in Paragraph 6, each such recipient of Confidential documents shall be provided with a copy of this Stipulation, which he or she shall read. Upon reading this Stipulation, such person shall acknowledge in writing as follows:

> I have read the Stipulation for the Identification and Preservation of the Confidentiality of Documents in *Beecham, et al. v. Roseville City School District, et al.*, Eastern District of California Case No. 2:15-cv-01022-KJM-EFB and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt arising out of the enforcement of this Stipulation.

8. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential:"

(a) The producing party shall provide one copy of the Confidential documents to the receiving party.

(b) The receiving party shall not furnish, disclose, or otherwise divulge any the Confidential documents to any source, except those persons identified in Paragraph 6 herein, without further order of the Court or authorization from counsel for the producing party.

9. Nothing in this Stipulation shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding in this action it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition, then arrangements shall made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately. The parties agree that no confidential information shall be disseminated by publicizing any deposition.

10. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Stipulation, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Stipulation. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Stipulation.

11. If Plaintiffs or Defendants would like to use Confidential Material in Court filings, at least seven (7) days' notice shall be given to all parties. Plaintiffs and Defendants shall comply with the requirements of Eastern District Rule 141, in the event that a party would like Confidential Material to be sealed. The Parties agree a request to seal or remove the designation of Confidential information may be heard on shortened time and/or by telephone conference with a showing of good cause.

12. This Stipulation is entered into for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation, or the production of any document under the terms of this

Stipulation, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

13. Nothing in this Stipulation shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Stipulation, result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

14. If Confidential Material produced in accordance with this Stipulation is disclosed to any person other than in the manner authorized by this Stipulation, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

15. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential. All documents produced pursuant to this Stipulation shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (and any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

IT IS SO STIPULATED.

Dated: November 12, 2015                HINTON, ALFERT & KAHN, LLP


By: ____/s/_____
PETER W. ALFERT
Attorney for Plaintiffs, DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM; OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his guardians ad litem OLIVER VERGARA and JENNIFER VERGARA

Dated: November 12, 2015                LAW OFFICE FO TODD BOLEY


By: ___/s/_____
    TODD BOLEY
    Attorney for Plaintiffs, DUANE BEECHAM,
    KIMBERLY BEECHAM, S.Y.B., a minor by and
    through her guardians ad litem DUANE
    BEECHAM and KIMBERLY BEECHAM;
    OLIVER VERGARA, JENNIFER VERGARA,
    E.V., a minor by and through his guardians ad litem
    OLIVER VERGARA and JENNIFER VERGARA


Dated: November 12, 2015                EVANS, WIECKOWSKI, WARD & SCOFFIELD, LLP


By: ___/s/_____
    CAROL WIECKOWSKI
    Attorney for Defendants,
    ROSEVILLE CITY SCHOOL DISTRICT,
    GEORGE ROOKS, and JERROLD JORGENSEN


Dated: November 12, 2015                LONGYEAR, O'DEA & LAVRA, LLP


By: ___/s/_____
    GREGORY P. O'DEA
    Attorney for Defendant,
    THERESA VAN WAGNER