UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her co-guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM, OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his co-guardians ad litem OLIVER VERGARA and JENNIFER VERGARA,<br><br>Plaintiffs,<br><br>v.<br><br>ROSEVILLE CITY SCHOOL DISTRICT, THERESA VAN WAGNER, GEORGE ROOKS, JERROLD JORGENSEN, and DOES 1-30,<br><br>Defendants. | No. 2:15-CV-01022-KJM-EFB<br><br>ORDER |

Defendant Theresa Van Wagner moves to modify the scheduling order to permit additional discovery. Mot., ECF No. 76. Plaintiffs oppose. Opp'n, ECF No. 87. Van Wagner filed a reply. Reply, ECF No. 89. The court submitted the matter without oral argument. ECF No. 92. For the reasons discussed below, the court DENIES Van Wagner's motion.

/////

/////

/////

1

I.      BACKGROUND

Plaintiffs filed this lawsuit on May 12, 2015, Compl., ECF No. 1, and a first amended complaint in November 2015, First. Am. Compl. ("FAC"), ECF No. 30. The court's pretrial scheduling order set January 23, 2017 as the discovery deadline. Scheduling Order, ECF No. 27.

In December 2016, Van Wagner issued twenty-two pretrial subpoenas for the employment and medical records of plaintiffs Jennifer and Oliver Vergara. Young Decl. ¶ 8, ECF No. 87-1. On January 20, 2017, Van Wagner served plaintiffs with four sets of written discovery requests. *Id.* ¶ 12.

In April 2017, the court denied defendants' joint motion[1] to extend the discovery deadline. Order, ECF No. 82. On April 10, 2017, Van Wagner filed her current motion to extend the discovery deadline. Mot.

II.     AMENDING THE SCHEDULING ORDER

The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate the more efficient disposition of cases by settlement or by trial. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). A scheduling order may only be changed with the court's consent and for "good cause." Fed. R. Civ. P. 16(b)(4). A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). On the other hand, the "good cause" standard requires less than the "manifest injustice" test used to modify a final pretrial order. *See* Fed. R. Civ. P. 16(e); *see also* Fed. R. Civ. P. 16, 1983 Advisory Committee Notes ("Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test."). When litigants request changes to a scheduling order, the court's inquiry focuses primarily on the diligence of the

---

[1] Although Van Wagner was originally precluded from joining defendants' motion due to an automatic bankruptcy stay that ran from January 26 through March 22, 2017, ECF Nos. 57, 68, Van Wagner subsequently joined the motion, ECF No. 75.

2

moving party, *Johnson*, 975 F.2d at 609, and that party's reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011). A district court has "broad discretion" to grant or deny a continuance. *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir. 1985).

III. <u>DISCUSSION</u>

Van Wagner moves to extend the discovery cut-off to obtain (1) plaintiffs' response to recent written discovery requests; (2) Jennifer and Oliver Vergara's therapy records; and (3) Jennifer Vergara's employment records. Mot. at 1.

Van Wagner first requests more time to obtain plaintiffs' responses to written discovery requests she propounded on January 20, 2017, three days before the discovery cut-off by which all discovery motions were to have been heard. Mot. at 3. She asserts the written discovery was based on a deposition taken on January 14, 2017. *Id.* In its prior order denying defendants' joint motion to extend the discovery cut-off, the court rejected defendants' arguments that relied on information learned in the January 14, 2017 deposition. Order at 3:19–5:5. As the court explained, defendants did not explain why they could not have learned the relevant information much sooner. *Id.* Similarly here, Van Wagner has omitted any explanation of why she had to wait until three days before the discovery cut-off to propound written discovery requests. *See* Mot. at 3. Van Wagner has not established good cause to support her first request.

Van Wagner's remaining requests fare no better. Van Wagner requests more time to obtain the Vergaras' medical records and Jennifer Vergara's employment records. *Id.* at 4. As Van Wagner explains, she issued subpoenas on December 16, 2016, and no records were returned because Van Wagner did not have the correct information for plaintiffs. *Id.* Exs. E–G, I; Reply at 2–3. But Van Wagner provides no explanation for why she could not have obtained the correct information, including the Vergaras' therapist's location or Jennifer Vergara's full or maiden name, much earlier during discovery. As with defendants' prior motion to extend the discovery period, Van Wagner does not explain why she did not propound written discovery requests to gather this information much sooner. *See* Order at 3–5 (citing *Chopourian v. Catholic Healthcare W.*, 2011 WL 3816969, at *4 (E.D. Cal. Aug. 29, 2011), in which this court observed

that "counsel has not suggested he was unable to develop the claim through interrogatories and requests for admission or production; that he may have preferred to conduct depositions is not sufficient"). Van Wagner has not shown she was diligent in complying with the court's scheduling order. Without her diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609.

For these reasons, Van Wagner has not shown good cause exists to support her second or third request.

IV. <u>CONCLUSION</u>

The court DENIES Van Wagner's motion.

This order resolves ECF No. 76.

IT IS SO ORDERED.

DATED: June 16, 2017.

_____
UNITED STATES DISTRICT JUDGE