UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her co-guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM; OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his co-guardians ad litem OLIVER VERGARA and JENNIFER VERGARA; and M.B., a minor by and through his guardian ad litem MANOJ THOTTASSERI, <br><br> Plaintiffs, <br><br> v. <br><br> ROSEVILLE CITY SCHOOL DISTRICT, THERESA VAN WAGNER, GEORGE ROOKS, JERROLD JORGENSEN and DOES 1-30,[1] <br><br> Defendants. | No. 2:15-cv-01022-KJM-EFB <br><br> ORDER |

---

[1] The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie,* 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sep. 27, 2011).

1

After three school-aged children were placed in Theresa Van Wagner's special education classroom in September 2013, she allegedly subjected them to physical, verbal and emotional abuse. The children's parents, proceeding on behalf of themselves and their children, bring suit against defendants Van Wagner, Roseville City School District, and two District officials. Defendants here move to exclude as untimely the rebuttal report of plaintiffs' expert witness, Dr. Helena Huckabee. Defs.' Mot. Exclude, ECF No. 84. For the reasons explained below, the court DENIES the motion to exclude, with conditions to offset any prejudice.

I. BACKGROUND

Plaintiffs filed the complaint on May 12, 2015, and an amended complaint on November 30, 2015. Compl., ECF No. 1; First Am. Compl., ECF No. 30. The court's scheduling order set the following deadlines relevant here: expert witness disclosures due by March 9, 2017; supplemental expert disclosures due by March 30, 2017; close of expert discovery by May 1, 2017; and dispositive motions heard by June 23, 2017. Scheduling Order, ECF No. 27.

On March 9, 2017, plaintiffs timely disclosed expert witnesses and served on defendants Dr. Helena Huckabee's initial expert report ("Huckabee I"). *See* Pls.' Initial Disclosure, ECF No. 65; Huckabee I Report, ECF No. 71-2 (filed under seal). That day, defendants timely disclosed their expert witnesses and filed and served on plaintiffs Dr. Bryna Siegel's initial expert report ("Siegel I"). *See* District's Initial Disclosure, ECF No. 64; Siegel I Report, ECF No. 64-2.

On March 30, 2017, defendants timely disclosed Siegel's rebuttal report ("Siegel II"). *See* District's Suppl. Disclosure, ECF No. 72; *id.* Ex. A (Siegel II Report). On April 18, plaintiffs served on defendants Huckabee's "supplemental expert report" ("Huckabee II"). Pls. Suppl. Disclosure, ECF No. 80.[2] On April 25, 2017, defendants deposed Huckabee. *See* Opp'n to Mot. Exclude, ECF No. 106.

---

[2] Service is undisputed although plaintiffs have not filed Huckabee II on the docket.

On May 5, 2017, after the close of expert discovery, defendants moved to exclude Huckabee's second "supplemental" report as untimely. Defs.' Mot. Exclude. Plaintiffs opposed, Opp'n to Mot. Exclude, and defendants filed a reply, Reply to Mot. Exclude, ECF No. 118. Plaintiffs also filed a cross-motion to fully exclude Siegel as a witness, which they argued would moot defendants' motion to exclude Huckabee's response to the Siegel reports. ECF No. 104. A hearing was held on both motions on July 14, 2017, at which Justin Young and Todd Boley appeared for plaintiffs, Natasha Langenfeld appeared for Van Wagner, and Carol Wieckowski and Cathleen Fralick appeared for the District defendants. Hr'g Mins., ECF No. 134. At hearing, and for the reasons stated on the record, the court denied plaintiffs' motion to exclude Siegel. *Id.* This order resolves defendants' motion to exclude Huckabee's second report.

II. <u>STANDARD</u>

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to disclose the identity of any expert witness it may use at trial accompanied by a written report prepared and signed by the witness. "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or court order, however, initial expert disclosures are due at least ninety days before trial, and rebuttal expert disclosures are due within thirty days after the disclosure of the evidence that expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(D)(i)–(ii).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). It provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The burden is on the party facing sanctions to prove its failure to comply with Rule 26 was either justified or harmless. *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) (citing *Yeti*, 259 F.3d at 1107). "Yet evidence preclusion is, or at least can be, a 'harsh[ ]' sanction." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012)

(quoting *Yeti*, 259 F.3d at 1106).  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard, may impose other corrective measures. Fed. R. Civ. P. 37(c)(1)(A)–(C).

III. DISCUSSION

The court initially discusses whether Huckabee's second report was untimely and, finding that it was, then determines whether exclusion is warranted.

A. Rule 26

Although the parties dispute the disclosure deadline for rebuttal reports, plaintiffs' submission of Huckabee's second report was late by either party's account.

1. Initial Scheduling Order

The court first determines whether the disclosure of Huckabee's supplemental expert report was untimely under the scheduling order, and finds it was.  The scheduling order provides in relevant part:

> By March 30, 2017, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Scheduling Order at 3.  The scheduling order thus sets March 30, 2017, as the last date for the submission of rebuttal reports.  As explained in greater detail below, Huckabee II provides opinions on subjects "covered by an expert designated by an adverse party," namely Siegel's initial report.  So the March 30 date applies to plaintiffs' "supplemental" expert report.[3]  With reference to the date established by the scheduling order, then, plaintiffs' disclosure on April 18, 2017 was eighteen days late.

---

[3] Although styled as a "supplemental" report, plaintiffs do not argue Huckabee II is a report disclosed under Rule 26(e) ("Supplementing Disclosures and Responses").  Thus, Huckabee II was due by the date prescribed by Rule 26(a) (disclosures due based on court's order or else default deadlines).

4

Plaintiffs argue the scheduling order's deadline does not apply to Huckabee's second report because the March 30 deadline concerning supplemental reports applies only when a party is adding an expert witness that the party has not retained previously to testify on that subject. Opp'n to Mot. Exclude at 2. Plaintiffs also argue the scheduling order does not supersede Rule 26's default deadlines with respect to the submission of rebuttal reports. *Id.* The court need not resolve this issue because, as explained below, Huckabee II was late in any event.

        2.        Rule 26(a)(2)(C)

Even if the scheduling order did not apply, plaintiffs' rebuttal report is late under the Federal Rules' default dates. Rule 26 establishes that absent other direction from the court, a rebuttal report shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C). At the latest, then, plaintiffs' rebuttal disclosures were due by April 8, 2017, thirty days from the initial disclosures made on March 9, 2017. Even under the Federal Rules' default dates, then, plaintiffs' submission on April 18 was ten days late.

Under either the scheduling order or Rule 26's default deadlines, plaintiffs' submission of their rebuttal reports was untimely. The court next determines whether to exclude plaintiffs' untimely report under Rule 37.

    B.        Rule 37

As explained above, an untimely disclosure under Rule 26 shall be excluded under Rule 37 "unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiffs argue their untimely disclosure was harmless. Opp'n to Mot. Exclude at 6. To determine whether it was harmless, the court considers the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). The court considers each factor in turn.

1. Prejudice

Defendants assert plaintiffs gained an unfair advantage by rebutting both defendants' original and rebuttal reports. Defs.' Mot. Exclude at 7, Reply to Mot. Exclude at 5. Generally, "where one party's expert has the benefit of reviewing an opposing party's expert report before having to prepare his or her own, there necessarily is prejudice—the latter expert is not going to be able to expunge from his mind that which he learned from the other, and it would be impossible to say that what he learned did not influence his opinions." *Lefay v. Lefay*, 1:13-cv–01362 AWI MJS HC, 2014 WL 6473725, at *6 (E.D. Cal. Nov. 18, 2014), *aff'd*, 673 F. App'x 722 (9th Cir. 2016) (citing *Hogan v. Robinson*, 1:03-CV-06408-LJO WMW, 2007 WL 1452790 (E.D. Cal. May 15, 2007)).

The form of prejudice described in *Lefay* occurred here. Huckabee II makes four general assertions responding to both Siegel I and Siegel II and includes individualized secondary reports of each of the three child plaintiffs. *See* Huckabee II Report. Huckabee II contains direct references to Siegel II. *See, e.g.*, Huckabee II Report at 2 (quoting Siegel II Report at 14). And Huckabee II directly responds to and rebuts the substance of Siegel II. *See, e.g.*, Huckabee II Report at 2 (responding to Siegel II Report at 14). Because Huckabee II responds to both Siegel I and Siegel II, the court concludes plaintiffs obtained an unfair advantage through their delay. Defendants were prejudiced by plaintiffs' untimely supplemental report.

2. Ability to Cure

Generally, the opportunity to depose a witness regarding an untimely disclosure may sufficiently cure any prejudice that occurred. *See, e.g.*, *Lefay*, 2014 WL 6473725, at *7 (declining to exclude defendants' untimely expert reports so long as the experts were made available for deposition). Had plaintiffs' expert responded only to defendants' initial report, and thereby caused delay but no tactical advantage, plaintiffs could fairly rely on defendants' deposition of Huckabee as a cure for their late disclosure. *See, e.g.*, *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4 (D. Nev. 2011) (untimely disclosure of defendant's expert initial report, which did not rebut the other parties' experts, could be cured by deposition and additional discovery).

6

But the case law does not identify additional deposition time as a cure for the type of prejudice that occurred here, where one party unfairly rebuts a rebuttal. In *Lefay*, for example, although the court permitted additional deposition to cure for the government's untimely expert report, the court specifically relied on the government's sworn declaration that its expert did not rely on or even consider the other party's timely reports. 2014 WL 6473725, at *6. Plaintiffs' most similar case, *Galentine v. Holland Am. Line-Westours, Inc.*, also suggests an additional deposition is not enough. 333 F. Supp. 2d 991, 994 (W.D. Wash. 2004). In *Galentine*, the court considered a plaintiff's untimely initial expert report, which defendants argued gave plaintiff a tactical advantage because the expert saw defendants' report first. *Id.* at 994. The expert discovery deadline and dispositive motion deadline had passed. *Id.* The court found any prejudice could be cured by extending the discovery deadline to permit additional deposition of plaintiff's expert but also by permitting defendants time to file a Rule 60 motion revisiting the court's forthcoming summary judgment order, if warranted by the additional deposition. *Id.* at 994–95.

Here, in the interest of tailoring a cure that fits the facts of this case, the court follows but modifies the roadmap provided in *Galentine*. Like in that case, delay likely caused a tactical advantage, and the expert discovery and dispositive motion deadlines have both passed.[4] Also as in *Galentine*, the party challenging the untimely report did not depose the expert on their untimely disclosure prior to the close of discovery, *id.* at 944; at hearing, defense counsel explained they deposed Huckabee on her first but not second report, which they had received only days before her deposition.

Accordingly, the court will order as follows. First, the expert discovery deadline will be extended for the limited purpose of allowing defendants to fully depose Huckabee on her second report. Second, if defendants choose to depose Huckabee again, it will be at plaintiffs' expense. *See Semtech Corp. v. Royal Ins. Co. of Am.*, 2005 WL 6192906 (C.D. Cal. 2005)

---

[4] The court recently extended the dispositive motion hearing deadline to permit the parties to fully meet and confer before renewing or re-filing motions for summary judgment, with filings now due by September 22, 2017. *See* ECF Nos. 139, 141.

(permitting more time for deposition, to be paid for by untimely party). Moreover, if Huckabee's deposition alters the landscape on summary judgment, defendants will have the option of filing a Rule 60 motion asking the court to revisit summary judgment if appropriate. While the court has considered the alternative of ordering redaction of Huckabee II to delete material addressing Siegel II, the parties could not agree on redaction, and the court finds such an approach impractical. *See* ECF No. 135 (explaining results of meet and confer efforts). The measures the court will order address the circumstances presented by Huckabee II.

### 3. Likelihood of Disruption of Trial

Given the court's plan, the untimely submission of Huckabee's supplemental rebuttal report creates no issue of disruption at trial. Expert discovery will stay closed but for the limited extension, and the court will proceed to resolve summary judgment based on the amended dispositive motion schedule. *See* ECF Nos. 139, 141. In any event, defendants' challenge involves only plaintiffs' rebuttal report and not the complete exclusion of plaintiffs' expert from trial. Because this plan is unlikely to delay or disrupt the case's schedule, this factor favors inclusion.

### 4. Bad Faith

The untimely submission of Huckabee's rebuttal report does not appear to have been committed in bad faith. Plaintiffs deny bad faith, and defendants do not assert it. *See* Opp'n to Mot. Exclude at 6; Reply to Mot. Exclude. Moreover, plaintiffs' explanation for their delay, although not rising to the level of "substantial justification" under Rule 37, supports plaintiffs' assertion of good faith. Plaintiffs say they were surprised by Siegel's opinions that minor plaintiff S.Y.B. does not suffer from autism, which plaintiffs did not believe was a question in this case. Opp'n to Mot. Exclude at 3. Apparently scrambling to respond, plaintiffs' counsel worked to get Huckabee the same video examination of S.Y.B. upon which Siegel relied. *Id.*; Boley Decl. ¶ 3, ECF No. 106-1. Plaintiffs' surprise provides at least a plausible explanation for the untimely disclosure outside of gamesmanship or intentionally attempting to gain a tactical advantage. The court finds no bad faith. This factor also favors inclusion.

/////

## IV. CONCLUSION

Using the factors established in *Lanard*, the court finds plaintiffs' untimely disclosure caused prejudice but can be cured through the steps detailed below. Accordingly, exclusion is not warranted, and the court DENIES defendants' motion.

The court ORDERS as follows:

(1) The court EXTENDS expert discovery for sixty (60) days from the date of this order for the limited purpose of permitting defendants to depose Huckabee on her second report; and

(2) The court ORDERS plaintiffs to pay Huckabee's expert and attorneys' fees for the time necessary to complete the additional deposition.

This order resolves ECF No. 84.

IT IS SO ORDERED.

DATED: September 13, 2017.

_____
UNITED STATES DISTRICT JUDGE