UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her co-guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM; OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his co-guardians ad litem OLIVER VERGARA and JENNIFER VERGARA; and M.B., a minor by and through his guardian ad litem MANOJ THOTTASSERI,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEVILLE CITY SCHOOL DISTRICT, THERESA VAN WAGNER, GEORGE ROOKS, JERROLD JORGENSEN, and DOES 1–30,<br><br>    Defendant. | No. 2:15-cv-01022-KJM-EFB<br><br>ORDER |

In its August 22, 2018 amended final pretrial order, the court indicated it would resolve certain motions in limine prior to the September 25, 2018 court-convened settlement conference. ECF No. 218 at 5, 9.[1] As described below, plaintiffs' motion in limine number 1 is DENIED in part and DEFERRED in part; defendant Van Wagner's motions in limine number 2

---

[1] ECF citations refer to ECF pagination only, not internal document pagination.

1

and 5 are DENIED, and motion in limine number 9 is GRANTED; and motions in limine numbers 1 and 2 filed by defendants Roseville City School District, George Rooks and Jerrold Jorgensen are GRANTED.

I. NATURE OF RULINGS ON MOTIONS IN LIMINE

The court issues its rulings on motions in limine based on the record currently before it. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pre-trial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. *See* Fed. R. Evid. 103(a); *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 89, (2015) ("Where a district court makes a tentative *in limine* ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial, which allows the court to make a final ruling.") (citation and quotation omitted).

II. PLAINTIFFS' MOTION IN LIMINE NO. 1 (ECF No. 180)

Plaintiffs move to exclude the expert testimony of Dr. Bryna Siegel. The motion is DENIED in part and DEFERRED in part, as explained below.

A. Dr. Siegel's Qualifications

Plaintiffs move to exclude Dr. Bryna Siegel from testifying, arguing she is an unlicensed psychologist subject to possible disciplinary action imposed by the California Board of Psychology should she testify, and therefore she lacks the credentials to testify as an expert witness; her testimony would constitute the commission of a misdemeanor offense. ECF No. 180 at 9–14. This part of plaintiffs' motion is DENIED.

The admissibility of expert testimony is a question within the trial court's discretion. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–42 (1997). The court plays a "gatekeeping" role to ensure all expert testimony, scientific or otherwise, is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–49 (1999). As part of this role, the court must evaluate a witness's "knowledge, skill, experience, training, or education" to determine if she qualifies as an expert. Fed. R. Evid. 702. Rule 702 "contemplates a broad

conception of expert qualifications . . . and [is] intended to embrace more than a narrow definition of qualified expert." *Thomas v. Newton Int'l Enterprises*, 42 F.3d 1266, 1269 (9th Cir. 1994). Although a factor to be considered, "[l]icensure in the discipline or speciality which is the subject of expert opinion is not a requirement under the Federal Rules of Evidence." *Doe v. Cutter Biological, Inc., a Div. of Miles Labs., Inc.*, 971 F.2d 375, 385 n.11 (9th Cir. 1992) (citing *Geophysical Sys. Corp. v. Seismograph Serv. Corp.*, 738 F. Supp. 348 (C.D. Cal. 1990)).

Here, the fact that Dr. Siegel is an unlicensed psychologist does not necessarily determine her qualifications as an expert witness. Dr. Siegel has extensive education in subject matters relevant to this litigation. *See* ECF No. 200 at 5 (she holds a "B.A. in Clinical Psychology; a M.A. in Education; and a Ph.D. in Child Development"). She is the "recipient of numerous honors and awards" in her field, a member of the "International Society for Autism Research and the Bay Area Autism Consortium," a lecturer and adjunct professor, the author of various books and scholarly articles "on Autism and related issues," and has testified as an expert witness on the subject of autism in many other cases. *Id.* In light of these credentials, there is not a sufficient basis for the court to find that Dr. Siegel lacks the "knowledge, skill, experience, training, or education" so as to disqualify her as an expert prior to trial. Fed. R. Evid. 702.

Plaintiffs argue that Dr. Siegel's admission in a prior case, that she "is not a forensic psychologist nor a licensed psychologist, and as such is not qualified to evaluate, diagnose or treat anyone for a psychiatric condition such as autism, nor to independently carry out a forensic examination," provides further grounds for disqualification. ECF No. 214 at 6. The court is not persuaded. In the next line of the report plaintiffs reference, Dr. Siegel goes on to state:

> However, this examiner has a broad and deep understanding of research on how children and adults with autism think and see the world differently from non-autistic individuals, has contributed to such research, and has served in a supervising, teaching, and administrative role as a director of autism clinics for the past 35 years at Stanford, UCSF, and now ACNC.

EFC No. 180, Ex. I at 2. Plaintiffs point out that Dr. Siegel was "careful to limit her role" in that evaluation to "avoid engaging in the unlicensed practice of psychology," whereas here she has

3

1 "openly express[ed] opinions about the minor Plaintiffs' diagnoses and purports to evaluate the psychological and behavioral impact of Mrs. Van Wagner's classroom on the children." ECF No. 214 at 6–7. At this juncture, however, the court need only determine whether Dr. Siegel possesses the experience necessary to render her testimony credible and helpful to the jury. *See Cutter Biological*, 971 F.2d at 385 ("The fact that [] experts were not licensed hematologists does not mean that they were testifying beyond their area of expertise."). In this respect, there is no basis for the court to preliminarily find Dr. Siegel unqualified to testify as an expert.

The court also need not place dispositive weight on Dr. Siegel's potential prospective violation of a cease and desist order issued by the California Board of Psychology. *See* ECF No. 180 at 9–12. Because licensure is not a requirement for an expert's qualification, it follows that the mere potential for disciplinary action by a licensing board does not per se disqualify that expert. Rather, any disciplinary action goes to credibility rather than qualification. *See* 29 C. Wright & K. Graham, *Federal Practice & Procedure* § 6264.2 (2d ed. 2018) ("[Q]uestions about general witness credibility are jury matters that have no bearing on the issue of qualification to testify as an expert."). The parties dispute whether Dr. Siegel's testimony would in fact constitute a Board violation, *see* ECF No. 200 at 3–4; therefore the court is unwilling to preliminarily preclude testimony on speculative grounds. That said, assuming a proper foundation is laid, plaintiffs may seek to challenge Dr. Siegel's credibility during cross examination at trial.

In light of the above, the court need not reach plaintiffs' motions to exclude Dr. Siegel's reports or prohibit other experts from relying on her reports at this juncture. ECF No. 180 at 18. At trial, reference to or efforts to admit all or part of Dr. Siegel's reports will be subject to the Federal Rules. The opinion testimony of each expert will be subject to the Rules as well, including Federal Rule of Evidence 703; a blanket determination as to any expert's reliance on Dr. Siegel's report is premature at this juncture.

B. <u>Use of Dr. Siegel's Deposition Transcript at Trial</u>

Plaintiffs also move to prohibit use of Dr. Siegel's deposition transcript at trial, including for presentation of Dr. Siegel's testimony in lieu of appearing in person. ECF No. 180

at 14–18. In defendants' joint opposition, they make no attempt to justify admission of Dr. Siegel's deposition transcript, saying simply that ruling on the matter is premature because any attempt at trial to rely on the deposition transcript will be supported by a showing of good cause. ECF No. 200 at 9–10. Given that defendants have not attempted to satisfy Federal Rule of Civil Procedure 32, which governs use of deposition transcripts at trial, the court DEFERS ruling on plaintiffs' motion to trial should this issue arise.

III. DEFENDANT VAN WAGNER'S MOTION IN LIMINE NO. 2 (ECF No. 166)

Defendant Van Wagner moves to exclude hearsay statements contained in a report prepared by the Roseville Police Department ("RPD"), as well as all evidence about or testimony in reliance on the report. For the reasons set forth below, the motion is DENIED.

A. Witness Statements in the Police Report

Van Wagner moves to exclude all witness statements contained in the police report prepared by the RPD after an investigation of the alleged conduct underlying this case. ECF No. 166 at 2. Specifically, Van Wagner argues, the statements of Elsa Fiddyment-Thurtle, George Rooks, Irene Garibaldo, Jerrold Jorgensen and Van Wagner herself should be excluded as hearsay not within any exception. *Id.* at 1. Plaintiffs object, claiming the statements are admissible under a variety of exclusions or exceptions. *See* ECF No. 210.[2]

Generally, "[e]ntries in a police report based on an officer's observation and knowledge may be admitted, but statements attributed to other persons are clearly hearsay, and inadmissible under the common law exception[3] to the hearsay rule. . . ." *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973) (citations omitted). Still, these third-party statements may be admissible if they qualify under an independent hearsay exception. *Mariscal v. McIntosh*, No. CV 04-9087 CAS (Ex), 2006 WL 6627090, at *6 (C.D. Cal. Dec. 19, 2006). Each of the exceptions asserted by plaintiffs are addressed below.

---

[2] Plaintiffs did not comply with the court's scheduling order, ECF No. 195, but instead filed their opposition after the deadline. The court reaches the merits of the motion here, but cautions plaintiffs that future non-compliance with court orders may result in sanctions.

[3] The common law exception referred to by the *Colvin* court has since been codified in Federal Rule of Evidence 807.

5

1. <u>Vicarious Party Admissions</u>

As relevant here, Federal Rule of Evidence 801(d)(2)(D) classifies an opposing party's statement as non-hearsay when it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." The proponent of the statement bears the burden to "lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment." *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1262 (9th Cir.1982)).

Here, plaintiffs essentially argue that Roseville City School District ("RCSD") teacher aides Garibaldo and Thurtle made statements incorporated into the report that constitute vicarious admissions attributable to both RCSD and co-defendant Van Wagner. ECF No. 210 at 2–3. Plaintiffs cite no authority squarely addressing the issue of co-defendants' vicarious admissions in a civil context. *See* ECF No. 210. Van Wagner notes the distinction between direct vicarious admissions and co-defendant vicarious admissions, and argues that plaintiffs have failed to show the necessary connection between the teacher aides and Van Wagner herself to establish a basis for vicarious admission. ECF No. 213 at 1–4.

Although the Ninth Circuit does not appear to have addressed the question, the Sixth Circuit addressed a similar issue in *Stalbosky v. Belew*, 205 F. 3d 890 (6th Cir. 2000). In *Stalbosky*, a negligent hiring case, plaintiff claimed the statement of the defendant-employee, made outside the context of employment, was a party admission that should be attributed to the co-defendant employer. *Id.* at 894. The court rejected this argument, finding "a party's statement is admissible as non-hearsay only if it is offered against that party." *Id.* Although the *Stalbosky* court's decision referenced Federal Rule of Evidence 801(d)(2)(A), rather than 801(d)(2)(D), the same reasoning applies here, as it is consistent with Rule 801(d)(2)'s recognition of the adversarial relationship that exists between parties. *See* Fed. R. Evid. 801(d)(2) advisory committee notes (admissibility of party admissions "is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule").

With this in mind, plaintiffs have not adequately shown the existence of an agency relationship between Garibaldo, Thurtle and Van Wagner. Plaintiffs' argument focuses on

6

Garibaldo and Thurtle's employment by RCSD, but makes no effort to establish an agency relationship with Van Wagner. Additionally, because plaintiffs' assertions are made in response to a motion by Van Wagner, the court declines to make any finding at this stage regarding vicarious admission as it relates to RCSD.

### 2. Past Recollection Recorded

Plaintiffs also argue that Garibaldo and Thurtle's statements are admissible under Federal Rule of Evidence 803(5) as past recollections recorded. ECF No. 210 at 3–5. Under Rule 803(5), a witness's former statement may be read into the record if it "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." *Id.*

Plaintiffs argue only that a prolonged span of time passed between the time Garibaldo and Thurtle made their statements to the police and gave their depositions, and that Thurtle claims "her memory was clearer" when she first spoke to the police. ECF No. 210 at 4. This speculation is hardly enough to warrant a pretrial ruling. Garibaldo and Thurtle are witnesses plaintiffs intend to call at trial, *see* ECF No. 218 at 13, and there is no indication thus far that either witness lacks the ability to accurately testify such that admitting their prior statements under Rule 805(5) is necessary. Plaintiffs may, of course, raise the issue during trial should the opportunity arise.

### 3. Business Records Exception

Under Rule 803(6), a record of an act, event, condition, opinion, or diagnosis is excepted from the hearsay rule if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

7

Fed. R. Evid. 803(6). As noted above, only police report statements containing an officer's observations or knowledge are generally admissible, *Colvin,* 479 F.2d at 1003, and other statements must be admissible on independent grounds, Fed. R. Evid. 805.

Here, plaintiffs argue the police report, the report generated by Principal Rooks contained in the police report, and the statements of RCSD employees contained in both the Rooks and police reports are admissible as business records. ECF No. 210 at 5–8. These statements, therefore, constitute three levels of hearsay, or triple hearsay, as statements within a report within a report. Accordingly, plaintiffs must demonstrate that each layer is admissible under the business records exception. *Id.*

Given the inherit responsibilities of each reporter in this scenario, and the timing and nature of the statements in the reports, it appears to the court at this juncture that the requirements of Rule 803(6) are met. The statements by Garibaldo, Thurtle and other RCSD employees were provided to Rooks and the RPD shortly after an investigation was opened. *Id.* at 5–7. Teacher aides Garibaldo and Thurtle were under a duty to report classroom misconduct to their superiors and any investigating authority. *Id.* at 6; *see also* Cal. Penal Code § 11165.7 (listing teacher's aides as mandated reporters). Rooks, similarly, is under a duty to investigate, document, and report claims of misconduct within his classrooms. *Id.* at 5. And, of course, police officers conducting investigations are under a duty to diligently and accurately document the results of their investigation. *Id.* at 6–7. Given these reporting duties, there appears to be scant basis for concern regarding the trustworthiness of the statements covered by the motion. Thus, on the current record, the police report, Rooks' report and the RCSD employee statements contained therein would be admissible under the business records exception.

Nonetheless, plaintiffs may freely admit at trial any and all contents of the police report, and strong preference is given to live witness testimony in open court. *See* Fed. R. Civ. P. 43(a). In other words, witness testimony may moot the relevance of the business records here.

    4.    <u>Statements Within Police Report for Impeachment Purposes</u>

Federal Rule of Evidence 801(d)(1) governs prior inconsistent statements for purposes of impeachment. *See* Fed. R. Evid. 801(d)(1). Rule 801(d)(1) specifically requires that

the declarant testify, be subject to cross-examination, and that the prior inconsistent statement be made "under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." Plaintiffs are not entitled to preemptive admission of the police report here for purposes of impeachment under Rule 801(d)(1). *See* ECF No. 210 at 10. Plaintiffs may, of course, use a prior inconsistent statement under Federal Rule of Evidence 613 on cross examination, but such use is limited to impeachment only. *Rankine v. Roller Bearing Co. of Am. Inc.,* No. 12-CV-2065-IEG (BLM), 2013 WL 1942199, at *3 n.2 (S.D. Cal. May 9, 2013). If used for impeachment, the report's use must comply with Rule of Evidence 613.

B. Expert Testimony Based on Police Report

Van Wagner also moves to exclude the expert testimony of Helena Huckabee and Joseph Schwartzberg based on the police report. ECF No. 166 at 2–6. Plaintiffs argue the motion is premature and overinclusive. ECF No. 210 at 10–11. Given the apparent admissibility of the police report under the business records exception, the court finds these experts' reliance on the report is not a basis for exclusion.

Under Rule 703, an expert may base an opinion on facts or data, regardless of admissibility, that are reasonably relied upon by experts in his or her field. Fed. R. Evid. 703. The "trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) (citation omitted). Once reliability is satisfied, "[t]he second question is whether the probative value of the underlying data substantially outweighs its prejudicial effect." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1061 (9th Cir. 2003).

Separate from the business records question, Van Wagner's argument rests heavily on her argument that Huckabee and Schwartzberg referred to the police report, and not recent deposition testimony, to formulate their opinions, thus rendering their opinions unreliable as based on incomplete or out-of-date testimony. ECF No. 166 at 5. This aspect of the experts' review does not provide an adequate basis for exclusion. When evaluating the reliability of an expert's opinion, the court must fully probe a witness's "knowledge and experience []

9

sufficient[ly] to satisfy [the court's] gatekeeping role . . . ." *Hangarter*, 373 F.3d at 1018. The court will not exclude the testimony of Huckabee and Schwartzberg on such narrow grounds without allowing a more full exploration of the depth of their expertise and opinion. For that reason, Van Wagner's motion to exclude the testimony of Huckabee and Schwartzberg is DENIED, without prejudice to the conduct of expert voir dire outside the presence of the jury prior to these witnesses' testimony.

### C. Summary

Van Wagner's motion is DENIED because (1) the police report and its contents are likely admissible under the business records exception, and (2) Van Wagner has failed to identify sufficient grounds to exclude the testimony of Huckabee and Schwartzberg.

## IV. DEFENDANT VAN WAGNER'S MOTION IN LIMINE NO. 5 (ECF No. 169)

Van Wagner also moves separately to exclude the testimony of expert Joseph Schwartzberg on more thorough grounds: (1) his opinions are irrelevant to the issues to be decided, (2) his opinions usurp the jury's function, and (3) his opinions are based on impermissible hearsay in the police report. The hearsay issue regarding the police report is addressed above, and the first two arguments are addressed below and, for the following reasons, the motion is DENIED.

### A. Relevancy

Relevancy is a threshold question guided by Rule 401: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In the expert context, "testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010), *as amended* (Apr. 27, 2010).

Here, Van Wagner argues that "Dr. Schwartzberg's opinion that Ms. Van Wagner's use of physical force was unauthorized and unnecessary is irrelevant to the issue to be determined by the jury, and further, is prejudicial." ECF No. 169 at 3. In opposition, plaintiffs argue that in the consideration of a Fourth Amendment excessive force claim, purported deviation

from training standards is not determinative of the reasonableness question, but is merely a factor to be considered by the jury when considering reasonableness under the circumstances. ECF No. 206 at 3. Additionally, plaintiffs assert that Schwartzberg's testimony is relevant to the state law negligence claim, and that any testimony regarding deprivation of learning opportunities goes to the issue of damages. *Id.* at 4.

The court agrees with plaintiffs. In an excessive force claim against a teacher, the teacher's conduct is "generally analyzed under the reasonableness rubric of the Fourth Amendment." *Preschooler II v. Clark City Sch. Bd. of Trustees*, 479 F.3d 1175, 1180 (9th Cir. 2007). When considering reasonableness, a fact finder must "look objectively at the specific circumstances of the school and child." *Id.* at 1181. Schwartzberg's testimony regarding Van Wagner's use of physical force is relevant to the question of reasonableness. Although testimony regarding deviation from training standards is not dispositive, it does aid the fact finder when considering the scope of objectively reasonable behavior under the circumstances, particularly regarding the complexities of instructing children with autism. Similarly, in a state law negligence action, expert testimony regarding the standard of care is relevant and useful when addressing an area where specialized training is needed. *See generally* 46 Cal. Jur. 3d *Negligence* § 216 (2018). Finally, testimony regarding a deprivation of education speaks to the issue of damages as it relates to future developmental harm, and is therefore relevant here.

B. <u>Usurpation of the Jury's Function</u>

Under Rule of Evidence 704(a), "[i]t is well-established . . . that expert testimony concerning an ultimate issue is not per se improper." *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002), *as amended*, 319 F.3d 1073 (9th Cir. 2003). "That said, 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law.'" *Hangarter*, 373 F.3d at 1016 (citing *Mukhtar*, 319 F.3d at 1066 n.10). Although at times the distinction can be purely academic, "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter*, 373 F.3d at 1017 (citing *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)).

11

1 | Here, Van Wagner asserts Schwartzberg will testify that "Van Wagner's use of physical force . . . was unauthorized, unnecessary, contrary to accepted training in the educational field, and borders on the reprehensible," and that "Van Wagner created a classroom environment that deprived the students of the opportunity to learn." ECF No. 169 at 4–5. In opposition, plaintiffs concede that use of the terms "abuse" and "reprehensible" is potentially inflammatory and agree not to elicit testimony referencing those terms; Schwartzberg however will still testify as to "whether Van Wagner's use of force, her statements to the children, and her other conduct constituted acceptable conduct." ECF No. 206 at 5.

At this juncture, excluding Schwartzberg's testimony would be premature. Van Wagner asserts Schwartzberg's testimony will resolve "questions that the jury needs to answer." ECF No. 216 at 2. But the court, at this moment, cannot definitively say that Schwartzberg will so testify, using such precise terms and essentially substituting his opinion for the jury's. The policy underlying Rule 704(a) is to aid the jury, and if an expert's testimony will help without replacing the jury's decision process, it should be allowed. *See* 29 C. Wright & K. Graham, *Federal Practice and Procedure* § 6282 (2nd ed. 2018). Here, Schwartzberg's testimony as proffered will be helpful. If Schwartzberg's testimony begins to infringe too closely on the jury's function, the court will entertain objections. And Schwartzberg can be cautioned in advance to avoid the terms plaintiffs concede he should not be allowed to utter. At this stage, Van Wagner's motion is DENIED.

V.   DEFENDANT VAN WAGNER'S MOTION IN LIMINE NO. 9 (ECF No. 173)

Van Wagner moves to preclude any testimony by plaintiff's withdrawn expert Lynn Ponton, M.D. ("Ponton") and exclude any evidence or testimony from expert Helena Huckabee that relies on Ponton's opinions. ECF No. 173 at 1–3. In response, plaintiffs confirm Ponton's withdrawal as a designated expert and concede they "will not elicit testimony from any of their witnesses on the reports, conclusions or diagnoses of Dr. Ponton." ECF No. 208 at 2. In light of these concessions, Van Wagner's motion is GRANTED as unopposed.

/////

## VI. DEFENDANTS RCSD, ROOKS, AND JORGENSEN'S MOTION IN LIMINE NO. 1 (ECF No. 174)

Defendants RCSD, Rooks, and Jorgensen (collectively "defendants") move to exclude testimony by experts Helena Huckabee and Carol Hyland regarding psychiatric care. ECF No. 174. Plaintiffs represent that they do not intend to elicit testimony on the topic. ECF No. 209 at 2. For that reason, defendants' motion is GRANTED as unopposed.

## VII. DEFENDANTS RCSD, ROOKS, AND JORGENSEN'S MOTION IN LIMINE NO. 2 (ECF No. 175)

Defendants join in Van Wagner's motion in limine number 9, *see* ECF No. 173, to exclude any testimony from Helena Huckabee based on or in reference to the reports of Lynn Ponton. ECF No. 175. For the same reasons stated above, defendants' motion is GRANTED.

Accordingly, IT IS HEREBY ORDERED:

a. Plaintiffs' motion in limine number 1 is DENIED in part and DEFERRED in part (ECF No. 180);
b. Defendant Van Wagner's motion in limine number 2 is DENIED (ECF No. 166);
c. Defendant Van Wagner's motion in limine number 5 is DENIED (ECF No. 169);
d. Defendant Van Wagner's motion in limine number 9 is GRANTED (ECF No. 173);
e. Defendants RCSD, Rooks, and Jorgensen's motion in limine number 1 is GRANTED (ECF No. 174);
f. Defendant RCSD, Rooks, and Jorgensen's motion in limine number 2 is GRANTED (ECF No. 175).

DATED: September 24, 2018.

_____
UNITED STATES DISTRICT JUDGE

13