UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE BEECHAM, KIMBERLY BEECHAM, S.Y.B., a minor by and through her co-guardians ad litem DUANE BEECHAM and KIMBERLY BEECHAM; OLIVER VERGARA, JENNIFER VERGARA, E.V., a minor by and through his co-guardians ad litem OLIVER VERGARA and JENNIFER VERGARA; and M.B., a minor by and through his guardian ad litem MANOJ THOTTASSERI,<br><br>      Plaintiffs,<br><br>    v.<br><br>ROSEVILLE CITY SCHOOL DISTRICT, THERESA VAN WAGNER, GEORGE ROOKS, JERROLD JORGENSEN, and DOES 1-30,<br><br>      Defendants. | No. 2:15-cv-01022-KJM-EFB<br><br>ORDER |

Plaintiffs move to reinstate claims dismissed on summary judgment. ECF No. 187. Defendants oppose. ECF No. 196; *see also* ECF No. 198. Plaintiffs have replied. ECF No. 211. Having considered the parties' briefing, the court DENIED the motion in a minute order; the reasons set forth below explain the court's decision.

/////

I.      LEGAL STANDARD

Plaintiffs frame their argument as a motion to reinstate claims, claiming that Local Rule 230(j) limits the grounds for a motion for reconsideration to new facts or circumstances. ECF No. 187 at 2.[1] In essence, plaintiffs contend that the court erred in its summary judgment order by failing to consider certain of plaintiffs' arguments regarding vicarious liability under the ADA and Rehabilitation Act, as well as the applicability of discretionary immunity to failure to warn cases. *Id.* at 3–5. Local Rule 230(j) does not preclude a motion for reconsideration based on clear error. Local Rule 230(j)(3) provides that a moving party must set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what *other grounds* exist for the motion." (emphasis added). The court construes plaintiffs' motion as a motion for reconsideration and will evaluate it on those grounds. *See*, *e.g.*, *Fletcher v. Blades*, No. 1:15-CV-00166-REB, 2017 WL 6944327, at *1 (D. Idaho Oct. 6, 2017) (construing "Plaintiff's Objection as a motion to reconsider . . . under the [] the Court's inherit procedural power to reconsider") (internal quotation marks omitted); *see also Meyer v. Hot Springs Imp. Co.*, 169 F. 628, 629 (9th Cir. 1909) (finding that in "matters of mere practice . . . courts may construe their own rules equitably").

District courts do "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009) (internal quotation marks omitted, alteration in original). Clear error occurs where "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*

---

[1] ECF citations refer to ECF pagination only, not internal document pagination.

2

1 | *City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Ninth Circuit has held it is not an abuse of discretion to deny a motion for reconsideration merely because the underlying order is "erroneous," rather than "clearly erroneous." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). "Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . . To be clearly erroneous, a decision must . . . [be] more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-CV-748-JMA (NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (quoting *Hopwood v. State of Tex.*, 236 F.3d 256, 273 (5th Cir. 2000)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (movant must demonstrate a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

II. <u>DISCUSSION</u>

    A. <u>Vicarious Liability: Disability Discrimination Under the ADA and Rehabilitation Act</u>

Plaintiffs assert that the court erroneously dismissed claims 3 and 4 in full by overlooking the existence of a vicarious relationship between Roseville City School District ("RCSD") and defendant Van Wagner, instead of just Rooks, as permitted by the ADA and Rehabilitation Act. ECF No. 187 at 3. Plaintiffs rely on *Duvall v. Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), as establishing the rule for vicarious liability against a municipality under Title II of the ADA and the Rehabilitation Act.

In opposition, defendants contend that plaintiffs are merely rehashing arguments already considered by the court. ECF No. 196 at 5. Even if the court did overlook plaintiffs' arguments, defendants argue *Duvall* is distinguishable on the facts, and cite as more closely analogous *Garedakis v. Brentwood Union Sch. Dist.*, 183 F. Supp. 3d 1032 (N.D. Cal. 2016), *aff'd*, No. 16-16332, 2018 WL 2996661 (9th Cir. June 15, 2018). ECF No. 196 at 5. Plaintiffs do not object to the court's consideration of *Garedakis*, and contend it does not undermine *Duvall's* applicability, and the rule of vicarious liability controls. ECF No. 211 at 3–5.

Plaintiffs have failed to show that the court's decision reflects clear error. First, the issue of vicarious liability was thoroughly briefed, ECF No. 154 at 25; ECF No. 157 at 7–8, argued, ECF No. 196 at 5, and considered by the court. The court discussed the *Duvall* case upon which plaintiffs rely in great detail in the summary judgment order's analysis of disability discrimination. ECF No. 161 at 18–19. The court expressly addressed whether the District was exposed to vicarious liability based on the actions of Rooks, consistent with plaintiffs' pleading of their claim. *See* First Am. Compl. ¶ 90, ECF No. 30 at 14. Although the court did not expressly address whether the question of a vicarious relationship between Van Wagner and RCSD could go to trial, the issue was, by implication, fully considered by the court. Moreover, the degree to which *Duvall* controls here is not so certain. *Garedakis*, at the very least, suggests that *Duvall* does not support a per se application of vicarious liability. 183 F. Supp. 3d at 1045 (finding *Duvall* inapplicable where teacher lacked authority to take action to prevent threat to students' federally protected rights). Rather, courts, as here, consider the strictures of *Duvall* on an individual, or case-by-case, basis.

When viewed through the lens of reconsideration, there is hardly sufficient grounds to show the court erred by not expressly considering and applying *Duvall's* vicarious liability rule to Van Wagner and RCSD.

B.   Discretionary Immunity

Plaintiffs also contend the court erred by failing to address, and, in turn, limit the scope of California Government Code § 820.2's immunity. ECF No. 187 at 4–5. Plaintiffs rely on *Johnson v. State*, 69 Cal. 2d 782 (1968), as they did in their opposition to summary judgment, for the notion that § 820.2's immunity does not extend to failure to warn cases. Defendants argue the court thoroughly addressed the scope of immunity under § 820.2 in its summary judgment order, thus the matter has been definitively decided. ECF No. 196 at 6–7.

Here too plaintiffs fail to adequately clear the hurdle of reconsideration by showing the court has committed clear error. Although the court did not cite to *Johnson v. State* in its summary judgment order, it provided ample discussion of discretionary immunity and the

4

limitations imposed based on "basic policy" verses "ministerial" decisions as relevant to this case. ECF No. 161 at 24–26 ("[T]he decision[s] of Rooks and Jorgensen . . . were all considered decisions in which [they] exercised the type of discretion that entitles them to immunity."). *Johnson* does nothing to disrupt this analytical framework; rather it confirms that immunity may be limited in a failure to warn context so long as the "policy" verses "ministerial" decision has been fully considered. 69 Cal. 2d at 793–98. The court's careful consideration of the decisions made by Rooks and Jorgensen regarding Van Wagner's investigation meets this requirement. ECF No. 161 at 25–26. Plaintiffs have not shown the court's analysis amounts to clear error.

III. CONCLUSION

For the reasons set forth above, plaintiffs' motion to reinstate claims, ECF No. 187, is DENIED.

IT IS SO ORDERED.

DATED: October 1, 2018.

UNITED STATES DISTRICT JUDGE